# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

**KRISTOPHER D. YARBARY,**

      **Plaintiff,**

v.

**MARTIN, PRINGLE, OLIVER,**
**WALLACE & BAUER, L.L.P, et al.,**

      **Defendants.**

Case No. 12-2773-CM

## MEMORANDUM AND ORDER

Plaintiff brings this action pro se, claiming that he is entitled to proceeds of his deceased mother's employee benefit plans. One of plaintiff's brothers also filed a nearly-identical case in this court. That case, *Mabone v. Martin, Pringle, Oliver, Wallace & Bauer, L.L.P., et al.,* No. 12-2794-EFM, is pending before Judge Eric F. Melgren. Defendants filed motions to consolidate in both cases. The court now takes up the motion to consolidate filed in this case (Doc. 19).

Federal Rule of Civil Procedure 42(a) allows a court to consolidate "any or all the matters in issue in the actions" if the actions involve a "common question of law or fact." The decision whether to consolidate such actions is left to the sound discretion of the trial court. *Shump v. Balka*, 574 F.2d 1341, 1344 (10th Cir. 1978). In exercising its discretion, the court should consider whether judicial efficiency is best served by consolidation. *Johnson v. Unified Gov't*, No. 99-2407-JWL, 1999 WL 1096038, at *1 (D. Kan. Nov. 16, 1999).

The court has reviewed the complaint in *Mabone* and the amended complaint filed in this case. Both complaints make the same allegations and bring the same nine counts. They are against the same defendants and involve the same questions of law and fact. The only significant difference in the two

-1-

documents is the named plaintiffs. Both cases involve identical motions to consolidate and motions to dismiss.

The court believes that judicial efficiency would be best served by consolidation. Although the plaintiffs reside in different locations, both plaintiffs request a jury trial and designate Kansas City as the location for trial. The court finds that the two cases should be consolidated, and that Case No. 12-2773-CM-DJW should be designated the lead case. In addition, contrary to plaintiff's expressed concern, consolidation of the cases does not mean that the two plaintiffs cannot continue to represent themselves pro se.

**IT IS THEREFORE ORDERED** that defendants' Motion to Consolidate (Doc 19) is granted.

**IT IS FURTHER ORDERED** that Case No. 12-2773-CM-DJW should be designated the lead case.

Dated this 12th day of March, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**