**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF KANSAS**

| | | |
|---|---|---|
| **KRISTOPHER YARBARY,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-2773-CM-DJW |
| | ) | |
| **MARTIN, PRINGLE, OLIVER,** | ) | |
| **WALLACE & BAUER, L.L.P., et. al.,** | ) | |
| | ) | |
| **Defendants;** | ) | |
| | ) | |
| | ) | **Consolidated with** |
| | ) | |
| **RALPH MABONE,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| v. | ) | Case No. 12-CV-2794-CM-DJW |
| | ) | |
| **MARTIN, PRINGLE, OLIVER,** | ) | |
| **WALLACE & BAUER, L.L.P., et. al.,** | ) | |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

This matter is before the court on defendant Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.'s ("MPOWB") Motion to Dismiss for Lack of Proper Service of Process and Suggestions in Support (Doc. 26 and 27, No. 12-2773, and Docs. 22 and 23, No. 12-2794). Defendant MPOWB moves this court for an order dismissing the complaints pursuant to Fed. R. Civ. P. 12(b)(5), for plaintiffs' failure to properly serve an officer or agent of MPOWB. For the reasons set forth below, the court denies defendant MPOWB's motion, quashes service of plaintiffs' original complaint and grants plaintiffs leave to properly serve defendant MPOWB before the deadline set by the court.

**I.     Factual and Procedural Background**

Plaintiff Kristopher Yarbary ("Yarbary") filed a complaint against four defendants —William S. Towles, Dolly Pearl Evans, UNUM Group Corp. ("UNUM"), and MPOWB — on December 10, 2012. Plaintiff Ralph G. Mabone ("Mabone") filed a complaint on December 28, 2012 against these same defendants. Plaintiffs Yarbary and Mabone are two of three sons of the deceased, Kathryn Towles, a former employee of defendant MPOWB whose distribution of life insurance proceeds are in question. Plaintiffs' claims mirror each other. They each make nine claims against defendants: (1) violating their rights with respect to the plan benefits of the deceased, and arguing for the recovery, enforcement, or clarification of plaintiffs' rights to those benefits under 29 U.S.C. § 1132; (2) entering into a joint enterprise under Kansas law; (3) making false statements or concealing facts in violation of 18 U.S.C. § 1027; (4) stealing or embezzling from deceased's employee benefits plan in violation of 18 U.S.C. § 664; (5) breaching defendants' fiduciary duty to plaintiffs as plan beneficiaries under 29 U.S.C. § 1109; (6) breaching a co-fiduciary duty to plaintiffs as plan beneficiaries under 29 U.S.C. § 1105; (7) committing negligence under Kansas law by making false statements or falsely representing facts to plaintiffs; (8) violating Kansas civil conspiracy laws through the administration and distribution of plan benefits to defendant Towles; and (9) committing fraud under Kansas law.

Plaintiff Mabone served summonses on each defendant. A return of service was filed on January 23, 2013 for defendant UNUM, and one for William Towles was filed on January 23 and 24.[1] And a return of service for each defendant, MPOWB and Dolly Pearl Evans, was filed on January 30, 2013. There is nothing on the return receipt or tracking information indicating who signed for the summons on behalf of MPOWB. (Doc. 10.)

---

[1] Plaintiff Mabone served the same summons to defendant William Towles at two different addresses, one at 136 Kay Lane, Somerville, Tennessee and one at 1810 Honeytree, Wichita, Kansas. The Honeytree summons was returned executed on January 23, 2013, and the Kay Lane summons was returned executed on January 24, 2013.

Plaintiff Yarbary also served summonses on all four defendants. A return of service was filed on February 3, 2013 for all four defendants generally.[2] The signature on the certified mail receipt for the summons served on MPOWB was that of Brett Herndon. (Doc. 8 at 2.) Defendant Dolly Pearl Evans filed her answer on February 11, and defendant UNUM filed a motion to consolidate the two cases on February 20. To date, defendant William Towles has not entered an appearance, filed an answer, or otherwise plead.

A certificate of service was filed on February 21 as to MPOWB, signed for by Brian Gray. Neither the agent nor the addressee boxes were checked on the certified mail receipt form. On February 28, David Jack and Benjamin Scott Tschudy entered their appearance on behalf of defendant MPOWB, and filed defendant's current motions to dismiss in the respective cases.

Plaintiff Yarbary filed a motion for leave to amend his complaint on March 11, 2013, which is currently pending before Magistrate Judge David J. Waxse. On March 12, 2013, the undersigned issued an order consolidating plaintiff Yarbary and plaintiff Mabone's cases, designating plaintiff Yarbary's case, No. 12-2773, as the lead case.

**II.     Legal Standard(s)**

Courts liberally construe pleadings filed by *pro se* plaintiffs. *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991) (citing *Haines v. Kerner*, 404 U.S. 519, 520—21 (1972)). It is not the court's duty "to assume the role of advocate for the *pro se* litigant." *Id.* However, despite the court's liberal construction, *pro se* plaintiffs must comply with the fundamental requirements set forth in the Federal Rules of Civil Procedure. *Garrett v. Selby Connor Maddux & Janer*, 425 F.3d 836, 841 (10th Cir. 2005).

---

[2] Two summonses were sent to defendant Dolly Pearl Evans, one addressed to Doll Pearl "DP" Evans at 8122 South Paulina, Chicago IL, and one addressed to Dolly Pearl Evans at 11721 Rutland, Detroit, MI 48227. The Detroit, MI summons was returned executed on March 22, 2013. The Chicago, IL summons was returned executed on February 4, 2013.

-3-

A federal court lacks personal jurisdiction over a party if service on that party was insufficient. *Lorenzen v. United States*, 236 F.R.D. 553, 557 (10th Cir. 2006) (citation omitted). Plaintiffs bear the burden of establishing personal jurisdiction over and proving the validity of their method of serving defendants. *Fed. Deposit Ins. Corp. v. Oaklawn Apartments*, 959 F.2d 170, 174 (10th Cir. 1992). When there has been no evidentiary hearing, and the case is still in its pretrial phase, the district court must determine whether personal jurisdiction exists based on affidavits and other materials. *Richardson v. Alliance Tire & Rubber Co., Ltd.*, 158 F.R.D. 475, 478 (D. Kan. 1994) (citing *Kennedy v. Freeman*, 919 F.2d 126, 128 (10th Cir. 1990)). A court can dismiss for improper service under Rule 12(b)(5). *Fisher v. Lynch*, 531 F. Supp. 2d 1253, 1260 (D. Kan. 2008). However, it is preferable for the court to quash plaintiff's insufficient service, and to allow plaintiff the opportunity to re-serve defendant if re-service would cure the defect. *Id.* (citing *Pell v. Azar Nut Co. Inc.*, 711 F.2d 949, 950 n.2 (10th Cir. 1983) (additional citations omitted)).

**III.     Discussion**

MPOWB contends that plaintiffs failed to effect proper service of summons under Fed. R. Civ. P. 4(h)(1). Because MPOWB is a partnership, defendant argues that in order to properly serve a partnership, service must be made "by delivering a copy of the summons and complaint to an officer, managing or general agent, or any other agent authorized by appointment or by law to receive service of process." (Doc. 27 at 3) (quoting Fed. R. Civ. P. 4(h)(1).) MPOWB argues that plaintiffs failed to properly serve summons to an officer or agent authorized to receive service on behalf of the law firm.

Rule 4(h) of the Federal Rules of Civil Procedure governs how service of process should be made upon a partnership. It states that a partnership must be served by one of the following methods:

(1) (A)   in the manner prescribed by Rule 4(e)(1) for serving an individual; or
    (B)   by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by

> law to receive service of appointment or by law to receive service of process and – if the agent is one authorized by statue and the statute so requires – by also mailing a copy of each to the defendant.

Fed. R. Civ. P. 4(h)(1).

Rule 4(e)(1) allows "for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(e)(1). In the state of Kansas, one can properly serve a partnership:

> (1) by serving an officer, manager, partner or a resident, managing or general agent, or
> (2) by leaving a copy of the summons and petition at any business office of the defendant with the person having charge thereof, or (3) by serving any agent authorized by appointment or required by law to receive service of process, and if the agent is one authorized by law to receive service and the law so requires, by also mailing a copy to the defendant. Service by return receipt delivery on an officer, partner or agent shall be addressed to such person at the person's usual place of business.

K.S.A. § 60-304.

Plaintiff Yarbary served MPOWB by certified mail addressed in the following manner:

Martin Pringle Oliver Wallace + Bauer
100 N. Broadway
Ste. 500
Wichita, KS 67202

(Doc. 8, No. 12-2773, at 2.) The summons was returned executed with the signature of Brett Herndon.

Plaintiff Mabone served MPOWB by certified mail addressed in the following manner:

MARTIN, PRINGLE, WALLACE
BAUER L.L.P.
100 N. BROADWAY, SUITE 500
WICHITA, KS 67202

(Doc. 10, case no. 12-2794-CM-DJW at 5.) There is no indication who signed the certified mail receipt for plaintiff Mabone's summons.

MPOWB contends that Brett Herndon does not qualify as an officer, manager, partner, or a resident, managing, or general agent. Additionally, MPOWB argues that service by mail requires that a summons be addressed to an officer, partner, or agent of the partnership. Plaintiffs failed to properly address the summonses.

After a review of the record, this court agrees that service was improper in both cases. MPOWB is correct that plaintiffs neither specified an addressee on the summons sent by certified mail, nor properly served an officer, manager, partner or a resident, managing or general agent.

The court could dismiss the case without prejudice due to ineffective service of process on MPOWB. The other parties, however, have not raised service issues. If the court were to dismiss the case against MPOWB, plaintiffs will likely re-file the claims and properly serve MPOWB at the direction of this order. Dismissing the case is not the most efficient use of court resources, as well as resources of the parties, and will only add to the costs that plaintiffs have already incurred in filing these lawsuits. The court understands that defendant MPOWB incurred costs in filing this motion. In this instance, however, it would be more beneficial and efficient for this court to quash service of the summons and allow plaintiffs to re-serve defendant MPOWB.

**IV.     Conclusion**

For the reasons set forth above, the court quashes service of summons on defendant MPOWB by both plaintiffs Yarbary and Mabone, and direct plaintiffs to re-serve defendant MPOWB following Fed. R. Civ. P. 4(h). Plaintiffs must properly serve defendant MPOWB no later than April 24, 2013. If plaintiffs do not properly serve defendant MPOWB by this deadline, plaintiffs face dismissal of their claims against this defendant without prejudice.

**IT IS THEREFORE ORDERED** that defendant Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.'s Motion to Dismiss for Lack of Proper Service of Process and Suggestions in Support (Doc. 26 and 27, No. 12-2773, and Docs. 22 and 23, 12-2794) is denied.

**IT IS FURTHER ORDERED** that plaintiff Yarbary's service of summons against Martin, Pringle, Oliver, Wallace & Bauer, L.L.P. is quashed. Plaintiff Yarbary has until April 24, 2013 to properly serve Martin, Pringle, Oliver, Wallace & Bauer, L.L.P. If plaintiff Yarbary fails to properly serve defendant by that time, plaintiff faces possible dismissal of the action against defendant MPOWB without prejudice.

**IT IS FURTHER ORDERED** that plaintiff Mabone's service of summons against Martin, Pringle, Oliver, Wallace & Bauer, L.L.P. is quashed. Plaintiff Mabone has until April 24, 2013 to properly serve Martin, Pringle, Oliver, Wallace & Bauer, L.L.P. If plaintiff Mabone fails to properly serve defendant by that time, plaintiff faces possible dismissal of the action against defendant MPOWB without prejudice.

Dated this 10th day of April, 2013 at Kansas City, Kansas.

s/ Carlos Murguia
CARLOS MURGUIA
United States District Judge
