# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

KRISTOPHER YARBARY,

        Plaintiff,

v.                                                                       Case No. 12-2773-CM-DJW

MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.,
et. al.,

        Defendants.

                                                                           Consolidated with
_____

RALPH G. MABONE,

        Plaintiff,

v.                                                                    Case No. 12-2794-CM-DJW

MARTIN, PRINGLE, OLIVER,
WALLACE & BAUER, L.L.P.,
et al.

        Defendants.
_____

## MEMORANDUM AND ORDER

        This matter is presently before the Court on Plaintiff Yarbary's Motion for Leave for Joinder of Parties (ECF No. 70) and Motions for Leave to File 4th Amended Complaint (ECF Nos. 80 and 88). In this ERISA breach of fiduciary duty case, Plaintiff Yarbary requests leave to join one additional plaintiff under Fed. R. Civ. P. 19 and twenty-seven additional individual defendants under Fed. R. Civ. P. 20(a). He also requests leave to file his proposed fourth amended complaint, which adds claims and allegations against the defendants to be joined. For the reasons set forth below, the

Court will permit Plaintiff Yarbary to join the additional defendants, but not the additional pro se plaintiff. Plaintiff Yarbary will also be granted leave to file his proposed 4th Amended Civil Complaint, but with the caption and "Parties" section modified to include the names of the defendants he has been granted leave to join in this action.

## I. Factual Background

Plaintiffs Yarbary and Mabone, both proceeding pro se, filed separate actions claiming that they are entitled to the proceeds of their deceased mother's employee benefit plan. Plaintiffs are surviving children of Katherine D. Towles, who was a participant in a group life insurance policy issued by Defendant Unum Group Corporation ("Unum") to Ms. Towles' employer, Defendant Martin, Pringle, Oliver, Wallace, & Bauer, LLP ("Martin Pringle"). Plaintiffs allege that their mother originally designated them as beneficiaries under her life insurance policy but that her employer, Martin Pringle, and her husband, defendant William S. "Red" Towles, conspired together to forge a beneficiary designation to name Mr. Towles as the beneficiary.

Plaintiff Yarbary filed his complaint on December 10, 2012. Plaintiff Mabone filed his complaint on December 28, 2012. Upon Defendant Unum's motions, the cases were consolidated on March 12, 2013, designating Plaintiff Yarbary's case, Case No. 12-2773, as the lead case.[1]

On June 18, 2013, Plaintiff Yarbary filed a motion for joinder of parties. A week later, on June 25, 2013, he filed a motion for leave to file his fourth amended complaint. After Defendants Martin Pringle and Unum filed responses pointing out that Plaintiff Yarbary failed to attached his proposed amended complaint to his motion, Plaintiff Yarbary then filed another motion (ECF No. 88) on July 10, 2013 with his proposed amended complaint attached. His proposed 4th Amended

---

[1] *See* March 12, 2013 Mem. & Order (ECF No. 33) in Case No. 12-2773.

2

Civil Complaint adds allegations against the twenty-seven individual defendants he seeks to join in his motion for joinder of parties.

## II. Motion for Joinder of Parties

### A. Request for Joinder of Another Pro Se Plaintiff

Plaintiff Yarbary requests leave to add one additional plaintiff to this case pursuant to Federal Rule of Civil Procedure 19. Specifically, Plaintiff Yarbary requests leave join his older sibling, Bryan G. Mabone, as another pro se plaintiff in this action. As a non-attorney, Mr. Yarbary may represent himself in this action, but he may not act as an attorney for any other individuals. This prohibition includes moving that his sibling be joined as another pro se plaintiff. The right to proceed pro se in civil actions is guaranteed by 28 U.S.C. § 1654. It is well-established, however, that this right to proceed does not encompass the right to proceed pro se on behalf of the interests of another. Because pro se means to "appear for one's self," a person may not appear on another person's behalf in the other's cause but must be litigating an interest personal to himself.[2] An unlicensed layperson thus may represent only himself and not another individual before a district court.[3] As Plaintiff Yarbary is proceeding pro se and may represent only himself in this action, his request for leave to add his sibling as another pro se plaintiff in this action is therefore denied.

### B. Request for Joinder of Additional Defendants

Plaintiff Yarbary also requests leave pursuant to Federal Rule of Civil Procedure 20(a) to join

---

[2] *Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299–1300 (10th Cir. 2011).

[3] *Id. See also Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others.") (citing 28 U.S.C. § 1654); *Divine Church of God & Christ v. Taxation & Revenue Dep't*, 116 F.3d 1489, 1997 WL 355326, at *1 n.1 (10th Cir. 1997) (unpub.) (an unlicensed layperson may only represent himself and not another individual or artificial entity before a district court)).

as defendants five partners of Defendant Martin Pringle and twenty-two officers and directors of Defendant Unum. In support of his request, he asserts that the five additional Martin Pringle partner defendants he seeks to join in this action "jointly held or hold the authority to control or manage the administration of the plan." He further asserts that the twenty-two Unum defendants he seeks to join in this action "jointly held or hold authority to control and manage the operation and administration of the plan." Plaintiff Yarbary contends that joinder is appropriate because he asserts a right to relief against the defendants to be added to this matter which arises from the same series of transactions or occurrences as the existing defendants. He also contends that questions of law apply and are common to all defendants and that the facts are common to all defendants to be added.

> Federal Rule of Civil Procedure 20(a)(2) allows permissive joinder of a defendant if:
>
> (A) any right to relief is asserted against them jointly, severally, or in the alternative with respect to or arising out of the same transaction, occurrence, or series of transactions or occurrences; and (B) any question of law or fact common to all defendants will arise in the action.[4]

Rule 20(a)(2) thus sets out a two-part test for permissive joinder of a defendant. First, the Court must determine whether any right to relief is asserted against the existing defendants and the defendants to be joined that arises out of the same transaction, occurrence, or series of transactions or occurrences. If this part is met, then the Court must determine whether any question of law or fact common to all defendants will arise in the action. The purpose of Rule 20(a) is "to promote trial convenience and expedite the final determination of disputes, thereby preventing multiple lawsuits."[5] Rule 20(a) is to be construed broadly and "joinder of claims, parties and remedies is strongly

---

[4] Fed. R. Civ. P. 20(a)(2)(A)-(B).

[5] *DIRECTV, Inc. v. Barrett*, 220 F.R.D. 630, 631 (D. Kan. 2004).

4

encouraged."[6]

Both Defendants Martin Pringle and Unum ask the Court to exercise its discretion and deny Plaintiff Yarbary's request for joinder of the additional defendants in this straightforward life insurance policy case involving a $15,000 life insurance policy. They argue that there is nothing that warrants joinder in this case. Defendant Unum argues that Plaintiff Yarbary has not pled or alleged any facts that suggest that the named directors and officers of Unum had any role in the award of the disputed life insurance benefits in this case. It argues that Plaintiff Yarbary offers nothing more than the fact that the putative new individual defendants are directors and officers of Unum. Defendant Unum argues that an individual cannot be liable as an ERISA fiduciary solely by virtue of his or her position as a corporate officer or manager.

Defendant Martin Pringle likewise opposes the motion for joinder of five of its partners as additional party defendants. It argues that because it is a Kansas limited liability partnership, its partners are not personally liable, directly or indirectly, for the partnership's obligations solely by reason of being or acting as a partner, as provided under the Kansas Uniform Partnership Act. It further argues that its partners are not proper parties to this action because Plaintiff Yarbary has not alleged facts sufficient to state a plausible claim for relief against them. It contends that Plaintiff Yarbary's unsupported, conclusory allegation that the Partners "jointly held or hold the authority to control and manage the administration of the plan" is not sufficient to support a plausible claim against these five partners.

Under Fed. R. Civ. P. 20(a), persons may be joined in one action as defendants if a right to relief is asserted against them arising out of the same transaction or occurrence and any question of

---

[6] *United Mine Workers of Am. v. Gibbs*, 383 U.S. 715, 724 (1966).

law or fact common to all defendants will arise in the action. In this case, Plaintiff Yarbary has established the requirements for permissive joinder of the defendants he seeks to join. He has shown that his breach of fiduciary duty claims against the proposed defendants arise out of the same transaction as his breach of fiduciary duty claims against the existing defendants. The breach of fiduciary duty claims asserted by Plaintiff Yarbary against the existing defendants arise out of an allegedly forged beneficiary designation on Plaintiffs' mother's life insurance policy. Plaintiff Yarbary also seeks to assert breach of fiduciary claims based on this same transaction against the new defendants. Because Plaintiff Yarbary is asserting the same breach of fiduciary duty claims, which are based upon the same transaction—the allegedly forged beneficiary designation that removed Plaintiffs as beneficiaries on the policy—on all the defendants, then it follows that questions of law or fact common to all defendants will arise in the action.

In his proposed 4th Amended Complaint, Plaintiff Yarbary asserts two counts: breach of fiduciary duty against all Defendants and a breach of co-fiduciary duty against Defendant Unum. With respect to the five Martin Pringle partner defendants to be joined, Plaintiff Yarbary alleges that they: (1) failed to maintain their fiduciary duty as the employer to a welfare benefit plan; (2) failed to maintain their fiduciary duty in the administration of the plan selected, approved, and authorized by their sole discretion and position to provide employee welfare benefits plan to their employees whom they offer employment; (3) failed to provide benefits to Plaintiff Yarbary on January 17, 2011 in respect to an employee welfare benefit plan governed by ERISA through their management and position to authorize the actions of their employees to secure a fraudulent beneficiary designation; and (4) failed to maintain a prudent man standard of care.

As to the twenty-two Unum officer and director defendants to be joined, Plaintiff Yarbary

6

alleges that they: (1) failed to maintain a prudent man standard of care in relation to a employee welfare benefit plan governed by ERISA; (2) failed to maintain their fiduciary duty as the managers and/or governing authority to a welfare benefit plan; (3) failed to maintain their fiduciary duty in the management of and administration of the employee welfare benefit selected, approved, and authorized by their sole discretion and position to provide employee welfare benefits plans to the employees of Martin Pringle; (4) failed to protect the interest of Plaintiff Yarbary on December 28, 2010 and January 17, 2011, in respect to an employee welfare benefit plan governed by ERISA and managed by Defendant Unum; and (5) failed to provide benefits to Plaintiff Yarbary on January 17, 2011 through their management and position to authorize and/or control the actions of their co-fiduciary to secure a fraudulent beneficiary designation.

Based upon these allegations, the Court finds that permissive joinder of the five Martin Pringle partner defendants and twenty-two Unum officer and director defendants is appropriate under Rule 20(a)(2). The right to relief Plaintiff Yarbary asserts against these new defendants arises out of the same transaction upon which he asserts his breach of fiduciary duty claims against the existing defendants. The transaction in question is the allegedly forged insurance beneficiary designation form submitted on December 28, 2010. In addition to a right to relief arising out of the same transaction, issues of law and fact common to all of the defendants will arise in the action. For these reasons, these defendants may properly be joined under Rule 20(a)(2).

Because the Court finds that the requested joinder of the defendants is proper, Plaintiff Yarbary shall be granted leave to file an amended complaint adding these defendants. He has already filed a motion for leave to file his 4th Amended Civil Complaint, which includes allegations against the defendants he seeks to join. Plaintiff Yarbary's motion for leave to file his amended complaint

is therefore granted and he may electronically file the 4th Amended Civil Complaint attached to his motion (ECF No. 88-1), except that the caption and the "Parties" section of his proposed 4th Amended Civil Complaint may be modified to add the names of the defendants he has been granted leave to join.

**IT IS THEREFORE ORDERED** that Plaintiff Yarbary's Motion for Leave for Joinder of Parties (ECF No. 70) is GRANTED IN PART AND DENIED IN PART. Plaintiff Yarbary may join the additional defendants requested under Fed. R. Civ. P. 20(a)(2), but not the additional plaintiff.

**IT IS FURTHER ORDERED** that Plaintiff's Yarbary's Motion for Leave to File 4th Amended Complaint (ECF No. 88) is GRANTED. Plaintiff Yarbary is directed to electronically file the 4th Amended Civil Complaint attached to his motion (ECF No. 88-1), except that the caption and "Parties" section of his proposed 4th Amended Civil Complaint may be modified to add the names of the defendants he has been granted leave to join. Plaintiff Yarbary has 30 days from the date of this Memorandum and Order to modify the caption and the "Parties" section of his 4th Amended Civil Complaint and to electronically file it.

**IT IS FURTHER ORDERED** that Plaintiff's Yarbary's Motion for Leave to File 4th Amended Complaint (ECF No. 80) filed on June 25, 2013, which was amended and superceded by his later motion (ECF No. 88), is found to be moot.

**IT IS FURTHER ORDERED** that Plaintiff Yarbary is ordered to serve summons and a copy of his 4th Amended Civil Complaint on all newly added defendants within 30 days of the date he electronically files his 4th Amended Civil Complaint.

**IT IS FURTHER ORDERED** that a telephone Scheduling Conference will be set by further Order of the Court after all defendants have answered or otherwise responded to Plaintiff Yarbary's

4th Amended Civil Complaint.

**IT IS SO ORDERED.**

Dated in Kansas City, Kansas on this 10th day of October, 2013.

                                                                                S/ David J. Waxse
                                                                                 David J. Waxse
                                                                                 U.S. Magistrate Judge