# IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

KRISTOPHER YARBARY, )
)
           Plaintiff, )
)
v. )
)      Case No. 12-2773-CM
MARTIN, PRINGLE, OLIVER, )
WALLACE & BAUER, L.L.P. et al., )
)
           Defendants. )
_____ )
RALPH MABONE, )
)
           Plaintiff, )
)
v. )
)      Case No. 12-2794-CM
MARTIN, PRINGLE, OLIVER, )
WALLACE & BAUER, L.L.P. et al., )
)
           Defendants. )
_____ )

## MEMORANDUM AND ORDER

This matter is before the court on Defendant Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.'s Motion to Dismiss Plaintiff Ralph Mabone's Claims for Failure to State a Claim Upon Which Relief Can Be Granted. (Doc. 74.) Defendant asks the court to grant its motion to dismiss on four grounds: (1) plaintiff does not have standing under the Employee Retirement Income Security Act ("ERISA"); (2) individuals may not recover under ERISA; (3) plaintiff may only bring an action against the plan itself, not the employer; and (4) plaintiff failed to meet the pleading requirements. Plaintiff Ralph Mabone did not respond to the motion, and on October 31, 2013, the court ordered plaintiff to show cause why the motion should not be granted as uncontested. The court also gave plaintiff until November 12, 2013, to file a response to the motion to dismiss. Plaintiff neither responded to the

court's order nor filed a response brief to defendant's motion. The court now considers the motion without the benefit of a response by plaintiff.

Katherine Towles participated in an Employment Welfare Benefit Plan ("the Plan") through her employment with Martin Pringle. Defendant Martin Pringle administered the Plan and defendant UNUM Group Corporation ("UNUM") managed the Plan. Until December 28, 2010, plaintiff and his brothers were beneficiaries under the Plan. But on that day, defendant UNUM received a beneficiary designation form from defendant Martin Pringle, which changed the Plan beneficiary from plaintiff and his brothers to defendant William "Red" Towles III—the husband of Katherine Towles. Plaintiff alleges that Katherine Towles did not, in fact, sign the beneficiary designation form.

Plaintiff brings this action under ERISA, 29 U.S.C. § 1132(a)(3)(A). Plaintiff alleges that defendant violated 18 U.S.C. §§ 1027 and 664 by actively participating in defrauding plaintiff and breaching its fiduciary duties to plaintiff as a rightful beneficiary. Plaintiff asks that the court remove defendant as a fiduciary pursuant to 29 U.S.C. § 1111, as well as any other relief the court deems just and fair.

Defendant's first argument is that plaintiff lacks standing because he was no longer a beneficiary after December 28, 2010. The court need not reach the remainder of defendant's arguments because this argument is dispositive of the case.

To have standing under ERISA, plaintiff must establish that he is a participant or a beneficiary of the Plan. *See Chastain v. AT&T*, 558 F.3d 1177, 1181 (10th Cir. 2009) (citing 29 U.S.C. § 1132(a)(1)). If a plaintiff is neither a participant nor a beneficiary, the court lacks subject matter jurisdiction over the claim. *Id.* Furthermore, the court determines standing at the time of suit—not the time of the alleged ERISA violation. *Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1534–35 (10th Cir. 1993).

ERISA does not specify who is a beneficiary beyond one "who is or may become entitled to a benefit," leaving room for litigation over who qualifies. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 107 (1989) (citing 29 U.S.C. § 1002(8)); *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636 F.3d 69, 74 (3d Cir. 2011), *cited with approval in Denver Health & Hosp. Auth. v. Beverage Distribs. Co., LLC*, – F. App'x –, No. 12-1355, 2013 WL 5539624, at *3 (10th Cir. Oct. 9, 2013). The Tenth Circuit has required an alleged participant or beneficiary to show that he has a "colorable claim" for vested benefits. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1161–62 (10th Cir. 2004) (applying test to participant); *Denver Health & Hosp. Auth.*, 2013 WL 5539624, at *3 (applying test to beneficiary). But, in conjunction with this requirement, the Tenth Circuit has specifically rejected the "but for" test that other circuits use—i.e., that a plaintiff is a participant (or a beneficiary) if he can show that but for the employer's conduct alleged to be an ERISA violation, the plaintiff would qualify for benefits. *Raymond*, 983 F.2d at 1536. The Tenth Circuit reasons that "[t]o say that but for [the defendant's] conduct, plaintiffs would have standing is to admit that they lack standing and to allow those who merely *claim* to be participants to be deemed as such." *Id.* (finding that former participants lacked standing when they alleged that they would have been current participants if defendant had not fraudulently induced them to take early retirement); *see also Chastain*, 558 F.3d at 1183 (finding no standing for former participants who alleged they were fraudulently induced to leave the plan); *Felix*, 387 F.3d at 1161 (finding no standing for plaintiffs who were induced to take an early retirement offer). Moreover, the Tenth Circuit did not merely reject the "but for" analysis within a certain context. The rejection is much broader; it "unequivocal[l]y" "rejected the entire doctrine." *Chastain*, 558 F.3d at 1183. "ERISA provides no cause of action to non-participants who claim they were defrauded out of pension benefits in violation of common law fraud principles." *Felix*, 387 F.3d at 1162.

Although the Tenth Circuit has rejected the "but for" analysis in the context of cases determining whether a plaintiff is a "participant" instead of a "beneficiary," the court concludes that the same analysis applies here. The language is broad and the rationale is the same. *Denver Health & Hospital Authority* utilized "participant" analysis in a "beneficiary" context. 2013 WL 5539624, at *3–4 (applying the "colorable claim" analysis but not addressing the "but for" test). And, like here, the cases rejecting the test also involved allegations of fraudulent behavior that resulted in the plaintiff losing benefits.

Under the facts alleged in this case, plaintiff can only have a "colorable claim" if the court analyzes his claim under the following theory: but for defendant's breach of its fiduciary duty, plaintiff would have remained a beneficiary and been entitled to benefits under the Plan. This is precisely the type of test the Tenth Circuit has rejected under ERISA.

The court cannot find that plaintiff has standing without applying the rejected "but for" test. The only way that the court can accept that plaintiff is a beneficiary under the Plan (with standing to bring suit) is to either (1) look at plaintiff's status at the time of the alleged ERISA violation instead of the time of the filing of the complaint; or (2) find a colorable claim using plaintiff's position that but for defendant's breach of fiduciary duty, plaintiff would still be a beneficiary under the Plan. Neither of these is allowed, and the court therefore determines that plaintiff lacks standing to bring this lawsuit. The court dismisses plaintiff's case, including his claims against the non-moving defendants,[1] for lack of jurisdiction. *See Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

Even if the court were not to dismiss plaintiff's claims for lack of standing, there is at least one additional reason that plaintiff's complaint must be dismissed. Specifically, he seeks relief that is not available to him. Plaintiff asks for defendant's removal pursuant to 29 U.S.C. § 1111. This statute

---

[1] Defendant UNUM Group Corporation also moved to dismiss plaintiff's claims based on lack of standing. Defendant UNUM's motion (Doc. 137) is granted for the reasons stated in this Memorandum and Order.

applies to people who are convicted of or have been imprisoned because of convictions for violations listed in the statute. 29 U.S.C. § 1111. Plaintiff's complaint contains no allegations that defendant has been convicted of any violation. Plaintiff is not entitled to relief under 29 U.S.C. § 1111. Again, this ruling applies to all defendants in the case.

**IT IS THEREFORE ORDERED** that defendant's Motion to Dismiss (Doc. 74) is granted.

**IT IS FURTHER ORDERED** that defendant UNUM's Motion to Dismiss (Doc. 137) is granted.

**IT IS FURTHER ORDERED** that plaintiff Mabone's claims against all defendants are dismissed for lack of subject matter jurisdiction.

Dated this 18th day of December, 2013, at Kansas City, Kansas.

s/ Carlos Murguia
**CARLOS MURGUIA**
**United States District Judge**