**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS**

| | |
|---|---|
| KRISTOPHER YARBARY, ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> MARTIN, PRINGLE, OLIVER, ) <br> WALLACE & BAUER, L.L.P., et al., ) <br> ) <br> Defendants. ) <br> _____) | Case No. 12-2773-CM |

## MEMORANDUM AND ORDER

Plaintiff Kristopher Yarbary brings this action pro se under the Employee Retirement Income Security Act ("ERISA"), 29 U.S.C. § 1132. Plaintiff alleges that defendants violated 18 U.S.C. §§ 1027 and 664 by breaching their fiduciary duties to plaintiff as a rightful beneficiary to his mother's Employment Welfare Benefit Plan ("the Plan"). Plaintiff's mother—Katherine Towles—participated in the Plan through her employment with defendant Martin, Pringle, Oliver, Wallace & Bauer, L.L.P. ("Martin Pringle"). Defendant Martin Pringle administered the Plan and defendant UNUM Group Corporation ("UNUM") managed the Plan. All of the other defendants are "managing and governing authorities or figures" of defendants Martin Pringle and UNUM (collectively and respectively the "Martin Pringle defendants" and the "UNUM defendants").

Until December 28, 2010, plaintiff and his brothers were beneficiaries under the Plan. But on that day, defendant UNUM received a beneficiary designation form from defendant Martin Pringle, which changed the Plan beneficiary from plaintiff and his brothers to defendant William "Red" Towles III—the husband of Katherine Towles. Plaintiff alleges that Katherine Towles did not, in fact, sign the beneficiary designation form.

Plaintiff claims that defendants should not have processed the fraudulent beneficiary designation form. He asks that the court remove defendants as fiduciaries pursuant to 29 U.S.C. § 1111, as well as any other relief the court deems just and fair. The matter is before the court on a number of motions:

1. Plaintiff's Motion to Recuse Magistrate Judge David Waxse and District Judge Carlos Murguia (Doc. 155);

2. Plaintiff's Motion to Reconsider Non-Dispositive Order (Doc. 150);

3. Plaintiff's Motion to Compel Defendants to Answer Complaint (Doc. 147);

4. Plaintiff's Motion to Reconsider Dispositive Order (Doc. 159) Granting MPOWB Defendants and UNUM Defendants Motion to Dismiss (Doc. 166);

5. Defendants Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.'s, Martin Bauer's, David Wooding's, Jeff Spahn, Jr.'s, Michael Jones's, and Richard Thompson's Motion to Dismiss Plaintiff Kristopher Yarbary's Claim for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 100);

6. The UNUM Defendants' Motion to Dismiss or Strike Plaintiff Yarbary's Fourth Amended Civil Complaint (Doc. 152); and

7. Plaintiff's Motion for Leave to File 5th Amended Complaint (Doc. 157).

The court takes each of the motions in turn.

**Plaintiff's Motion to Recuse Magistrate Judge David Waxse and District Judge Carlos Murguia (Doc. 155)**

First, the court addresses plaintiff's allegations of bias. Plaintiff asks the undersigned judge to recuse from this case because the undersigned is a graduate of the University of Kansas and his sister has made charitable donations to the university. According to plaintiff, the undersigned shares an

interest with defense counsel and his impartiality might be questioned.  Plaintiff also requests the recusal of Judge David Waxse, but Judge Waxse is no longer assigned to the case.

28 U.S.C. § 455(a) requires a district judge to "disqualify himself in any proceeding in which his impartiality might reasonably be questioned."  The relevant inquiry is "whether a reasonable person, knowing all the relevant facts, would harbor doubts about the judge's impartiality." *United States v. Burger*, 964 F.2d 1065, 1070 (10th Cir. 1992) (internal quotation marks and citation omitted).  The judge's subjective state of mind is immaterial. *United States v. Cooley*, 1 F.3d 985, 992 (10th Cir. 1993).  If there is an appearance of bias, the absence of actual bias is irrelevant. *See Bryce v. Episcopal Church in the Diocese of Colo.*, 289 F.3d 648, 659 (10th Cir. 2002).  But recusal is not required based on "unsupported, irrational, or highly tenuous speculation." *United States v. Rogers*, 831 F.2d 937, 939 (10th Cir. 1987) (citations omitted).

Plaintiff's concerns are unfounded and present no valid basis for recusal.  First, a judge need not recuse on the basis of a shared alma mater. *See United States v. Adams*, No. 1:08-CR-024, 2009 WL 62170, at *2 (M.D. Pa. Jan. 8, 2009) ("[T]he sole basis for defendant's motion is the court and Attorney Tarman's matriculation at a common law school.  Inconsequential alumni contacts of this type would not cause a reasonable person to question the court's impartiality.").  If merely graduating from the same law school were sufficient to call into question the impartiality of a judge, few cases in this geographic area could be heard by local judges.  No reasonable person could question a judge's impartiality based on a common source of a law degree.

Second, the undersigned need not recuse based on the charitable activities of his sister.  Even if plaintiff had pointed to the undersigned's own charitable interests, a shared charitable contribution recipient is insufficient to suggest bias. *Cf. Lunde v. Helms*, 29 F.3d 367, 370 (8th Cir. 1994) (finding no need for a judge to recuse in a case against a judge's alma mater when the judge contributed

financially to the school and participated in the school's educational programs). The court denies plaintiff's motion.

## **Plaintiff's Motion to Reconsider Non-Dispositive Order (Doc. 150)**

Plaintiff asks the court to reconsider its order denying his previous motion to strike defendants' motion to dismiss. Plaintiff reiterates his position that defendants may not raise a defense under Rule 12(b)(6) at this point in the case. Instead, plaintiff believes, the Federal Rules of Civil Procedure require defendants to file an answer to the operative complaint.

The decision whether to grant or deny a motion to reconsider is within the court's sound discretion. *In re Baseball Bat Antitrust Litig.*, 75 F. Supp. 2d 1189, 1192 (D. Kan. 1999) (citations omitted)). There are three grounds that may justify reconsideration: (1) "an intervening change in controlling law"; (2) "the availability of new evidence"; or (3) "the need to correct clear error or prevent manifest injustice." *Shinwari v. Raytheon Aircraft Co.*, 25 F. Supp. 2d 1206, 1208 (D. Kan. 1998) (citations omitted).

"[A] motion for reconsideration is appropriate where the court has misapprehended the facts, a party's position, or the controlling law." *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). It is not, however, a proper place to "revisit issues already addressed or to advance arguments that could have been raised in prior briefing." *Coffeyville Res. Ref. & Mktg., LLC v. Liberty Surplus Ins. Corp.*, 748 F. Supp. 2d 1261, 1264 (D. Kan. 2010) (citation omitted). More importantly, a motion for reconsideration "is not a second chance for the losing party to make its strongest case or to dress up arguments that previously failed." *Voelkel v. Gen. Motors Corp.*, 846 F. Supp. 1482, 1483 (D. Kan. 1994) (citation omitted).

Plaintiff contends that reconsideration is necessary to correct clear error or prevent manifest injustice. But in actuality, plaintiff raises the same arguments in his motion that he did the first time—only with lengthier explanation. This is not a proper use of a motion to reconsider.

This case does not present one of clear error or manifest injustice because defendants have properly filed Rule 12(b)(6) motions. Their motions are allowed pre-answer, *see Lewis v. Kan. City Area Retail Food Store Emps. Pension Fund*, No. 08-2515-JWL, 2009 WL 539897, at *1 (D. Kan. Mar. 4, 2009) ("Defendant was following the proper procedure in filing its Motion for Summary Judgment/Motion to Dismiss prior to filing its answer."), and the filing of such motions tolls the time to answer, *see* Fed. R. Civ. P. 12(a)(4); *Marquez v. Cable One, Inc.*, 463 F.3d 1118, 1120 (10th Cir. 2006) ("Cable One filed its motion as a Rule 12(b)(6) dismissal motion, however, which clearly does toll the time to answer."). Plaintiff misconstrues Rule 12. Reconsideration is not warranted and the court denies the motion.

### **Plaintiff's Motion to Compel Defendants to Answer Complaint (Doc. 147)**

Plaintiff's motion to compel contains the same arguments outlined in his motion to reconsider (Doc. 150). For the same reasons stated above, the court denies plaintiff relief.

### **Plaintiff's Motion to Reconsider Dispositive Order (Doc. 159) Granting MPOWB Defendants and UNUM Defendants Motion to Dismiss (Doc. 166)**

This case previously was consolidated with another case filed by plaintiff's brother, Ralph Mabone. In December 2013, the court dismissed Mr. Mabone's case, determining that Mr. Mabone lacked statutory standing to bring the case and sought relief unavailable to him. Plaintiff now asks the court to reconsider that order pursuant to Fed. R. Civ. P. 60.

Although it is not clear under which subsection of Rule 60 plaintiff seeks relief, it appears that he invokes either subsection (b)(1) or (b)(6). Under Rule 60(b)(1), the court may relieve a party from final judgment when the "judge has made a substantive mistake of law or fact in the final judgment or

order." *Utah ex rel. Div. of Forestry, Fire & State Lands v. United States*, 528 F.3d 712, 723 (10th Cir. 2008) (internal quotations and citation omitted). And the "catch all" provision of Rule 60(b)(6) allows for relief only when it "offends justice" to deny relief. *Loum v. Houston's Rests., Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998) (citation omitted). Rule 60(b)(6) relief is reserved for "exceptional circumstances." *Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576 (10th Cir. 1996) (internal quotation marks and citation omitted).

There are two problems with plaintiff's motion. First, he has not shown any valid basis for setting aside the judgment. Plaintiff believes that the court disregarded allegations in Mr. Mabone's complaint about his status as a beneficiary. But the court did not disregard the allegations. The court was aware of Mr. Mabone's theory; the court just ruled that Mr. Mabone could not pursue the theory under Tenth Circuit law. Plaintiff disagrees with this outcome and considers it unfair and nonsensical. The court, however, fully considered the law and Mr. Mabone's allegations in reaching its decision. The court was (and remains) aware that Mr. Mabone claimed that he was one of the rightful beneficiaries to his mother's ERISA plan. The flaw in Mr. Mabone's claim was that, based on his allegations, he lacked standing to raise the claim.

Second—and more importantly—plaintiff lacks standing to challenge the dismissal of his brother's case. Mr. Mabone proceeded pro se. Plaintiff proceeds pro se. And plaintiff may not represent his brother's interests. *See Adams ex rel. D.J.W. v. Astrue*, 659 F.3d 1297, 1299 (10th Cir. 2011) (noting that a pro se plaintiff may not represent another party). He may only pursue his own legal claims—not those of his brother. *See Wilderness Soc'y v. Kane Cnty., Utah*, 632 F.3d 1162, 1168 (10th Cir. 2011) ("[T]he plaintiff generally must assert his own legal rights and interests, and cannot rest his claim to relief on the legal rights or interests of third parties.") (citation and internal quotation marks omitted).

For these reasons, the court denies plaintiff's motion to reconsider the court's order dismissing Mr. Mabone's case.

### Defendants Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.'s, Martin Bauer's, David Wooding's, Jeff Spahn, Jr.'s, Michael Jones's, and Richard Thompson's Motion to Dismiss Plaintiff Kristopher Yarbary's Claim for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 100)

The Martin Pringle defendants ask the court to grant their motion to dismiss on five grounds: (1) plaintiff does not have standing under ERISA; (2) individuals may not recover under ERISA; (3) plaintiff failed to meet the pleading requirements; (4) plaintiff has not stated a claim against the individual Martin Pringle defendants; and (5) plaintiff may only bring an action against the Plan itself, not the employer. These are largely the same grounds they raised to support dismissal of Mr. Mabone's case. The court reiterates below the reasons that the case must be dismissed for lack of standing, but also dismisses the case for alternative reasons.

Defendants' first argument is that plaintiff lacks standing because he was no longer a beneficiary after December 28, 2010. As it was with Mr. Mabone's claims, this argument is independently dispositive of the case.

To have standing under ERISA, plaintiff must establish that he is a participant or a beneficiary of the Plan. *See Chastain v. AT&T*, 558 F.3d 1177, 1181 (10th Cir. 2009) (citing 29 U.S.C. § 1132(a)(1)). If a plaintiff is neither a participant nor a beneficiary, the court lacks subject matter jurisdiction over the claim. *Id.* Furthermore, the court determines standing at the time of suit—not the time of the alleged ERISA violation. *Raymond v. Mobil Oil Corp.*, 983 F.2d 1528, 1534–35 (10th Cir. 1993).

ERISA does not specify who is a beneficiary beyond one "who is or may become entitled to a benefit," leaving room for litigation over who qualifies. *See Firestone Tire & Rubber Co. v. Bruch*, 489 U.S. 101, 107 (1989) (citing 29 U.S.C. § 1002(8)); *Baldwin v. Univ. of Pittsburgh Med. Ctr.*, 636

F.3d 69, 74 (3d Cir. 2011), *cited with approval in Denver Health & Hosp. Auth. v. Beverage Distribs. Co.*, 546 F. App'x 742, 745–46 (10th Cir. 2013). The Tenth Circuit has required an alleged participant or beneficiary to show that he has a "colorable claim" for vested benefits. *Felix v. Lucent Techs., Inc.*, 387 F.3d 1146, 1161–62 (10th Cir. 2004) (applying test to participant); *Denver Health & Hosp. Auth.*, 546 F. App'x at 746 (applying test to beneficiary).

But, in conjunction with this requirement, the Tenth Circuit has specifically rejected the "but for" test that other circuits use—i.e., that a plaintiff is a participant (or a beneficiary) if he can show that but for the employer's conduct alleged to be an ERISA violation, the plaintiff would qualify for benefits. *Raymond*, 983 F.2d at 1536. The Tenth Circuit reasons that "[t]o say that but for [the defendant's] conduct, plaintiffs would have standing is to admit that they lack standing and to allow those who merely *claim* to be participants to be deemed as such." *Id.* (finding that former participants lacked standing when they alleged that they would have been current participants if defendant had not fraudulently induced them to take early retirement); *see also Chastain*, 558 F.3d at 1183 (finding no standing for former participants who alleged they were fraudulently induced to leave the plan); *Felix*, 387 F.3d at 1161 (finding no standing for plaintiffs who were induced to take an early retirement offer). Moreover, the Tenth Circuit did not merely reject the "but for" analysis within a certain context. The rejection is much broader; it "unequivocal[ly] . . . rejected the 'but for' standing doctrine in its entirety." *Chastain*, 558 F.3d at 1183. "ERISA provides no cause of action to non-participants who claim they were defrauded out of pension benefits in violation of common law fraud principles." *Felix*, 387 F.3d at 1162.

Although the Tenth Circuit has rejected the "but for" analysis in the context of cases determining whether a plaintiff is a "participant" instead of a "beneficiary," the court concludes that the same analysis applies here. The language is broad and the rationale is the same. *Denver Health &*

*Hospital Authority* utilized "participant" analysis in a "beneficiary" context. 546 F. App'x at 745–46 (applying the "colorable claim" analysis but not addressing the "but for" test). And, like here, the cases rejecting the test also involved allegations of fraudulent behavior that resulted in the plaintiff losing benefits.

Under the facts alleged in this case, plaintiff can only have a "colorable claim" if the court analyzes his claim under the following theory: but for defendants' breach of their fiduciary duties, plaintiff would have remained a beneficiary and been entitled to benefits under the Plan. In other words, if defendants had not improperly terminated plaintiff's status as a beneficiary by processing the fraudulent form, plaintiff would have received benefits after his mother's death. This is precisely the type of test the Tenth Circuit has rejected under ERISA.

In his brief, plaintiff claims that one allegation demonstrates his standing: "Plan participant Katherine D. Towles did not sign the beneficiary designation form submitted on December 28, 2010." (Doc. 106 at 4.) Because Ms. Towles—the employee—did not sign the beneficiary designation form, plaintiff argues, he <u>remained</u> a beneficiary. Under the terms of the Plan, plaintiff's status as a beneficiary could only have been terminated by a form <u>signed by the employee</u>. According to plaintiff, the appropriate analysis is this: But for defendants' actions, the benefits would not have been stolen.

Plaintiff's argument has some appeal. At a minimum, plaintiff presents an alternative way to look at his claim that arguably avoids the standing problem that the court identified with respect to plaintiff's brother's claim. But the court's sense is that plaintiff is drawing a thin distinction that mischaracterizes the true nature of his claims. Plaintiff also ignores the clear allegation in his Fourth Amended Complaint: "At all time[s] relevant hereto Plaintiff was a beneficiary to the Employee Welfare Benefit Plan held with Defendant; MPOWB and Co-Defendant; UNUM **until** violations to the United State[s] Code Title 18 section 1027 occurred." (Doc. 97 at 5–6 (emphasis added).) Plaintiff

himself alleges that he was a beneficiary until the fraudulent form was filed. At its core, plaintiff's claim is that defendants improperly terminated his status as a beneficiary based on forged forms. Plaintiff's effort to reword his claim in his brief to avoid the standing problem is ineffective.

Even if the court were to accept that plaintiff has standing, there are at least two additional reasons that plaintiff's complaint must be dismissed. First, plaintiff seeks relief that is not available to him. Plaintiff asks for defendants' removal pursuant to 29 U.S.C. § 1111. This statute applies to people who are convicted of or have been imprisoned because of convictions for violations listed in the statute. 29 U.S.C. § 1111. Plaintiff's complaint contains no allegations that defendants have been convicted of any violation. Plaintiff is not entitled to relief under 29 U.S.C. § 1111.

Second, plaintiff's claims against the individual Martin Pringle defendants fail. Plaintiff alleges no specific actions that the individual defendants personally took. Instead, his allegations against them are conclusory: that the individuals

- "failed to maintain their fiduciary duties";
- "failed to provide benefits to [plaintiff]";
- "failed to protect the interest of [plaintiff]"; and
- "failed to maintain a prudent man standard of care."

(Doc. 97 at ¶¶ 64–69.) These unsupported allegations do not state a claim against the individual defendants. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'") (internal citation omitted). In addition, merely being a corporate officer does not subject an individual to liability as an ERISA fiduciary. *See Gross v. Hale-Halsell Co.*, No. 04-CV-0098-CVE-FHM, 2006 WL 2666993, at *7 (N.D. Okla. Sept. 15, 2006) (citations omitted). And defendant Martin Pringle is a limited partnership in Kansas. The Kansas Uniform Partnership Act therefore governs, and provides

that a partner is not personally liable for a partnership obligation solely by nature of being a partner. Kan. Stat. Ann. § 56a-306(c). Plaintiff has not alleged a sufficient factual basis for holding the individual defendants liable. The court independently dismisses them from the case.

### **The UNUM Defendants' Motion to Dismiss or Strike Plaintiff Yarbary's Fourth Amended Civil Complaint (Doc. 152)**

The court grants the UNUM defendants' motion for the same reasons stated above in the discussion on standing and § 1111. In addition, the UNUM defendants are entitled to relief on alternative and independent grounds. First, according to plaintiff's complaint, defendant UNUM paid the benefits according to the beneficiary form on file. This is what was required by both the Plan documents and Supreme Court precedent. *See Kennedy v. Plan Adm'r for DuPont Sav. & Inv. Plan*, 555 U.S. 285, 299–300 (2009) (holding that a "plan administrator did its statutory ERISA duty by paying the benefits to [the beneficiary] in conformity with the plan documents"). The beneficiary designation on file at the time of the employee's death controls. *Metropolitan Life Ins. Co. v. Hanslip*, 939 F.2d 904, 907 (10th Cir. 1991) (citations omitted). Plaintiff does not allege that defendant UNUM knew at the time that the form was fraudulent. In fact, plaintiff alleges that he notified defendant UNUM of the suspected fraud over six months after defendant UNUM paid the benefit. As a matter of law, the UNUM defendants were not obligated to question the form when there was "no reason to suspect that anything was amiss." *Foster v. PPG Indus., Inc.*, 693 F.3d 1226, 1236–37 (10th Cir. 2012); *see also Dunlap v. Ormet Corp.*, No. 08-00065, 2009 WL 763382, at *10 (N.D.W. Va. Mar. 19, 2009).

Second, plaintiff seeks to hold the UNUM defendants liable on a "co-fiduciary" theory. 29 U.S.C. § 1105(a) provides for co-fiduciary liability for (1) knowing participation or concealment; (2) enabling acts; and/or (3) failing to reasonably attempt to remedy a breach of which the co-fiduciary has knowledge. But plaintiff has not alleged facts that support any of these bases for liability. He does not

allege knowledge on the part of the UNUM defendants until well after the payment was made. These allegations are insufficient to state a claim for breach of co-fiduciary duty.

Finally, plaintiff's claims against the individual UNUM defendants must be dismissed because plaintiff has not offered factual allegations suggesting that they are fiduciaries of the Plan. *Pegram v. Herdrich*, 530 U.S. 211, 223, 225–26 (2000) (holding that a company "is not an ERISA fiduciary merely because it administers or exercises discretionary authority over its own [] business"; it is a fiduciary "only 'to the extent' that [it] acts in such capacity in relation to a plan"); *David P. Coldesina, D.D.S., P.C., Emp. Profit Sharing Plan & Trust v. Estate of Simper*, 407 F.3d 1126, 1132 (10th Cir. 2005); *Dupree v. Prudential Ins. Co. of Am.*, No. 99-8337, 2007 WL 2263892, at *36 (S.D. Fla. Aug. 7, 2007) ("[T]he mere fact that these five individuals were Prudential Directors is not enough to establish fiduciary status with respect to the Plan, and all claims against them are dismissed."). Defendants' motion is granted.

## **Plaintiff's Motion for Leave to File 5th Amended Complaint (Doc. 157)**

Finally, plaintiff seeks leave to file a sixth complaint in this case. Generally, the court freely grants leave to amend "when justice so requires," but there are times when leave should be denied. Fed. R. Civ. P. 15(a). Reasons for denying leave to amend include "undue prejudice to the opposing party, bad faith or dilatory motive, failure to cure deficiencies by amendments previously allowed, or futility of amendment." *Frank v. U.S. West, Inc.*, 3 F.3d 1357, 1365 (10th Cir. 1993).

In determining whether to allow another amendment, the court has reviewed the docket activity of this case at length. This review revealed a distinct pattern of activity, which is demonstrated in the following consolidated filing timeline:

- **December 10, 2012**: Plaintiff's original complaint (Doc. 1)
- **February 1, 2013**: Plaintiff's amended complaint (Doc. 3)

-12-

- **February 26, 2013**: Defendant Martin Pringle's motion to dismiss for insufficient process (Doc. 26)
- **March 11, 2013**: Defendant UNUM's motion to dismiss or strike (Doc. 29)
- **March 11, 2013**: Plaintiff's motion for leave to file second amended complaint (Doc. 32)
- **March 13, 2013**: Court's order denying UNUM's motion to dismiss without prejudice based on the pending motion to amend (Doc. 34)
- **April 10, 2013**: Court's order denying defendant Martin Pringle's motion to dismiss for insufficient process (Doc. 41)
- **May 6, 2013**: Court's order granting plaintiff's motion for leave to file a second amended complaint (Doc. 48)
- **May 20, 2013**: Defendant UNUM's second motion to dismiss or strike (Doc. 51)
- **May 21, 2013**: Plaintiff's motion for leave to file a third amended complaint (Doc. 58)
- **June 6, 2013**: Court's order granting plaintiff's motion for leave to file a third amended complaint (Doc. 66)
- **June 18, 2013**: Court's order denying defendant UNUM's second motion to dismiss or strike as moot in light of the third amended complaint
- **June 20, 2013**: Defendant Martin Pringle's motion to dismiss for failure to state a claim (Doc. 72) and defendant UNUM's third motion to dismiss or strike (Doc. 76)
- **June 25, 2013**: Plaintiff's motion to file a fourth amended complaint (Doc. 80) (amended to attach the proposed fourth amended complaint on July 10, 2013) (Doc. 88)
- **October 10, 2013**: Court's order granting plaintiff's motion for leave to file a fourth amended complaint (Doc. 96)

- **October 30, 2013**: Martin Pringle defendants' motion to dismiss for failure to state a claim (Doc. 100)

- **October 31, 2013**: Court's order denying Docs. 72 and 76 without prejudice as moot in light of the fourth amended complaint

- **December 5, 2013**: UNUM defendants' motion to dismiss or strike (Doc. 152)

- **December 9, 2013**: Plaintiff's motion for leave to file a fifth amended complaint (Doc. 157)

As is demonstrated by this list, each time one of the defendants has filed a motion to dismiss, plaintiff has followed that motion with a motion to amend his complaint. The court appreciates plaintiff's desire to "fix" his pleadings, but this pattern cannot continue. This case has been pending for more than a year and has yet to have a scheduling order entered. The case has not progressed largely because of the continual amendment of plaintiff's complaint and the briefing filed each time plaintiff has sought leave to amend.

The court believes that this case has reached the point where plaintiff has been given a fair opportunity to amend and that further amendment would be unjust and unduly prejudicial to defendants. *See Jacquez v. Procunier*, 801 F.2d 789, 792 (5th Cir. 1986) ("At some point, a court must decide that a plaintiff has had fair opportunity to make his case; if, after that time, a cause of action has not been established, the court should finally dismiss the suit."). Each time plaintiff has amended his complaint again, defendants have had to rethink, restructure, and renew their motions for dismissal. The facts of the case have not changed. It is only plaintiff's method and manner of presenting those facts that has changed over time. At their core, however, the facts do not state a viable claim for relief. No additional amendment is permitted.

**IT IS THEREFORE ORDERED** that plaintiff's Motion to Recuse Magistrate Judge David Waxse and District Judge Carlos Murguia (Doc. 155) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Reconsider Non-Dispositive Order (Doc. 150) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Compel Defendants to Answer Complaint (Doc. 147) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion to Reconsider Dispositive Order (Doc. 159) Granting MPOWB Defendants and UNUM Defendants Motion to Dismiss (Doc. 166) is denied.

**IT IS FURTHER ORDERED** that Defendants Martin, Pringle, Oliver, Wallace & Bauer, L.L.P.'s, Martin Bauer's, David Wooding's, Jeff Spahn, Jr.'s, Michael Jones's, and Richard Thompson's Motion to Dismiss Plaintiff Kristopher Yarbary's Claim for Failure to State a Claim Upon Which Relief Can Be Granted (Doc. 100) is granted.

**IT IS FURTHER ORDERED** that The UNUM Defendants' Motion to Dismiss or Strike Plaintiff Yarbary's Fourth Amended Civil Complaint (Doc. 152) is granted.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Leave to File 5th Amended Complaint (Doc. 157) is denied.

**IT IS FURTHER ORDERED** that plaintiff's claims against all defendants are dismissed for lack of subject matter jurisdiction and for failure to state a claim.

The case is closed.

Dated this 24th day of April, 2014, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**