IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **KRISTOPHER YARBARY,**           )<br>                                                       )<br>            **Plaintiff,**              )<br>                                                       )<br>**v.**                                                 )<br>                                                       )   Case No. 12-2773-CM<br>**MARTIN, PRINGLE, OLIVER,**     )<br>**WALLACE & BAUER, L.L.P., et al.,** )<br>                                                       )<br>            **Defendants.**          )<br>_____) | |

## MEMORANDUM AND ORDER

Following dismissal of his case, pro se plaintiff Kristopher Yarbary filed two nearly-identical motions seeking relief: plaintiff's Motion for Relief from an Order (Doc. 174) and plaintiff's Motion for Relief from [] Judgment (Doc. 177).  In both motions, plaintiff asks the court to apply Federal Rule of Civil Procedure 60(b)(6) to grant him relief, including: (1) recusal of the undersigned judge; (2) an order requiring defendants to answer the complaint; and (3) an order striking this court's orders of dismissal for both plaintiff and his brother, Ralph Mabone.

Rule 60(b)(6)—which is the last subsection in Rule 60(b)'s list of reasons a court may relieve a party from a judgment or order—gives the court authority to grant a party relief based on "any other reason that justifies relief."  Fed. R. Civ. P. 60(b)(6).  This is known as the "catch all" provision of Rule 60(b), and offers relief only in extraordinary circumstances.  *Loum v. Houston's Rests., Inc.*, 177 F.R.D. 670, 672 (D. Kan. 1998) (citations omitted).  Parties should not use Rule 60(b) as a platform to present their arguments a second time or as a substitute for an appeal.  *See generally Cashner v. Freedom Stores, Inc.*, 98 F.3d 572, 576–77 (10th Cir. 1996) (indicating that subsection (b)(1) of Rule 60 should not be used to reargue an issue (citations omitted)).  The court reserves Rule 60(b)(6) relief for situations in which it "offends justice" to deny relief.  *Loum*, 177 F.R.D. at 672 (citation omitted).

-1-

Plaintiff's motions do not present a valid basis for Rule 60(b)(6) relief.  Ultimately, plaintiff disagrees with this court's decisions.  He believes that the court erred in its standing analysis; that the court misunderstands the use of the term "conviction" in 29 U.S.C. § 1111(c)(1); that the court exceeded its authority in a number of ways; and that the undersigned judge has been unfair and biased in his decisions.  Plaintiff's briefs in support of his motions are essentially a reworded and reorganized presentation of the same arguments he made before the court dismissed his claims and denied his motion to recuse.

In the court's order issued April 25, 2014, the court considered plaintiff's arguments on these issues and rejected them.  In some instances, the court may not have discussed an argument at length or to plaintiff's satisfaction.  But this does not mean that the court overlooked that argument or the law governing that issue.  To the contrary, the court has considered thoughtfully and meaningfully all points and issues that plaintiff has raised throughout this case.  Plaintiff offers nothing in his current motions to suggest that this case presents the extraordinary circumstances that may justify Rule 60(b)(6) relief.  The court therefore denies his motions.

**IT IS THEREFORE ORDERED** that plaintiff's Motion for Relief from an Order (Doc. 174) is denied.

**IT IS FURTHER ORDERED** that plaintiff's Motion for Relief from [] Judgment (Doc. 177) is denied.

Dated this 11th day of June, 2014, at Kansas City, Kansas.

> s/ Carlos Murguia
> **CARLOS MURGUIA**
> **United States District Judge**